# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JERRY PARK, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CA NO. 3:17-cv-1389 |
| | § | |
| MACON, INC. AND KATHY MATTHEWS, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jerry Park sues Defendants Macon, Inc. and Kathy Matthews, Individually ("Defendants") and in support thereof would show as follows:

## I. PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime brought under the Fair Labor Standards Act ("FLSA"). Macon, Inc. is a structural steel fabrication and erection company specializing in residential and commercial structural steel projects. Jerry Park worked for Defendants as a non-exempt, hourly welder, who was improperly classified as an independent contractor. This was in spite of the fact that Mr. Park worked exclusively for Defendants, Defendants set his hours, required him to punch in and out using a time clock, provided Mr. Park with a company uniform with their name emblazoned across it and even provided Mr. Park with a welding machine. While working for Defendants, Mr. Park would work, on average, 55 hours per week. However, he was only paid straight time for all hours worked.

1.2   During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees, including Mr. Park, for all hours worked.

## II. JURISDICTION AND VENUE

2.1 The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2 The Court has personal jurisdiction over Defendant Macon, Inc. because this entity conducts business in Texas and has entered into relationships with Jerry Park in Texas, and committed actions in Texas that give rise to this cause of action.

2.3 Venue is proper in this Judicial District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

**A. Plaintiff**

3.1 Jerry Park is an individual residing in Texas.

**B. Defendants**

3.2 Defendant Macon, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in this judicial district.

3.3 Defendant Macon, Inc. was an employer of Jerry Park as defined by 29 U.S.C. §203(d).

3.4 Defendant Kathy Matthews is an individual who resides in Texas.

3.5 At all times relevant to this claim, Defendant Kathy Matthews acted directly or indirectly in the interest of Defendant Macon, Inc. in relation to Jerry Park's employment.

3.6 Defendant Kathy Matthews was substantially in control of the terms and conditions of Jerry Park's work.

3.7 Defendant Kathy Matthews was an employer of Jerry Park as defined by 29 U.S.C.

§203(d).

## IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2   At all relevant times, Defendant Macon, Inc. had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, Defendant Macon, Inc. has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendants employed "employees", including Jerry Park, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6   At all relevant times, Macon, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7   At all relevant times, Jerry Park was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8   At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.   FACTUAL ALLEGATIONS

5.1   Defendants provide steel fabrication services both within the State of Texas and nationally. As steel fabricators, Defendants employed welders, one of whom was Jerry Park.

5.2   Defendants employed Jerry Park during the three-year period preceding the filing of this Complaint.  Specifically, Mr. Park worked for Defendants from March 2014 to June 2016.

5.3     Defendants consistently failed to pay Mr. Park overtime pay while he was performing work for Defendants.

5.4     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5     Defendants maintained and exercised the power to hire, fire, and discipline Jerry Park during his employment with Defendants.

5.6     Jerry Park was required to comply with Defendants' policies and procedures in performing his work during his employment with Defendants.

5.7     As the president of Defendant Macon, Inc., Kathy Matthews independently exercised control over the work performed by Jerry Park.

5.8     Kathy Matthews is responsible for running the day-to-day operations of Macon, Inc.

5.9     Kathy Matthews, acting directly in the interest of Macon, Inc., determined the wages to be paid to Jerry Park.

5.10    Kathy Matthews, acting directly in the interest of Macon, Inc., determined the work to be performed by Jerry Park.

5.11    Kathy Matthews, acting directly in the interest of Macon, Inc., determined Jerry Park's hours.

5.12    Kathy Matthews, acting directly in the interest of Macon, Inc., determined Jerry Park's conditions of employment.

5.13    Kathy Matthews, acting directly in the interest of Macon, Inc., maintained employment records on Jerry Park.

5.14    Kathy Matthews, acting directly in the interest of Macon, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Jerry Park.

## VI.   CAUSE OF ACTION

### Violation of the FLSA for Failure to Pay Overtime Compensation

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Jerry Park an overtime premium for all hours worked over forty per week during his employment.

6.3     No excuse, legal justification or exemption excuses Defendants' failure to pay Jerry Park overtime premiums for such hours.

6.4     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.5     Jerry Park seeks all unpaid overtime premiums, and an additional amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jerry Park respectfully prays that Defendants Macon, Inc. and Kathy Matthews, Individually, be cited to appear, and that, upon trial of this matter, Jerry Park recover the following against Defendants, jointly and severally:

a.  Actual damages for the full amount of Jerry Park's unpaid overtime compensation under the FLSA;

b.  Liquidated damages in an amount equal to Jerry Park's unpaid overtime compensation under the FLSA;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR JERRY PARK